IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MR. MICHAEL B. WOOLMAN, | ) | 4:13CV3025 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| VALENTINO'S, Employee's & Family, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

     Plaintiff filed his Complaint in this matter on February 5, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

     Plaintiff filed his Complaint against "Valentino's Employee's & Family." (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a nonprisoner who resides in Lincoln, Nebraska. (*Id*.) Plaintiff's Complaint is entitled a "Stipulation for Protective & Restraining Order." (*Id*.) In it, Plaintiff alleges that the "parties" have stipulated for "an order pursuant to Fed. R. Civ. P. 26(c)," states that his "current job" is "Attorney At Law," and submits himself "to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of otherwise enforcing or providing relief relating to Protective & Restraining Order." (*Id*. at CM/ECF pp. 6-7.) Plaintiff's Complaint contains no allegations against Valentino's or any individual. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Federal Rule of Civil Procedure 8 requires that pleadings contain "short and plain statement[s]" of the grounds for the court's jurisdiction and of the claim showing that the Plaintiff is entitled to relief. Fed. R. Civ. P. 8. Even when liberally construed, Plaintiff's Complaint raises no claims, and makes no allegations, against Defendants in this matter. (Filing No. 1.) Thus, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

However, on the court's own motion, Plaintiff shall have until April 15, 2013, to file an amended complaint that sufficiently describes his claims against Defendants. Plaintiff should be mindful to explain what each Defendant did to him, when the Defendant did it, how the Defendant's action harmed him, and what specific legal right Plaintiff believes the Defendants violated. If Plaintiff elects to file an amended complaint, it shall restate the allegations in his current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice without further notice. Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until April 15, 2013, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on April 15, 2013.

3

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 12th day of March, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.